IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SE SHIPPING LINES PTE. LTD., <br> Plaintiff, <br><br> v. <br><br> EDGAR REYES AND REEKO VALDEZ <br> D/B/A SEA-CURE, WINDAR <br> RENOVABLES, GAMESA WIND US, LLC <br> AND GAMESA EOLICA, S.L., <br> Defendants. | § § § § § § § § § § § | C.A. No. _____ <br> Admiralty 9(h) |

## PLAINTIFF'S ORIGINAL COMPLAINT
## AND COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, SE Shipping Lines Pte. Ltd., and files its Original Complaint against Edgar Reyes and Reeko Valdez D/B/A Sea-Cure, and Complaint for Declaratory Judgment against Windar Renovables, Gamesa Wind US, LLC and Gamesa Eolica S.L., and would respectfully show as follows:

### JURISDICTION AND VENUE

1. This Court has admiralty jurisdiction under 28 U.S.C. § 1333. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Venue is proper in this District under 28 U.S.C. § 1391(b)(2), as the events giving rise to this claim occurred within the District.

22512: 4PCLH7110.WAD

## PARTIES AND SERVICE OF SUMMONS

2. Plaintiff, SE Shipping Lines Pte. Ltd. is an entity organized under the laws of a foreign state, with its principal place of business at 1 Maritime Square #11-23, Singapore 099253. Plaintiff was the time charterer of the M/V ANTONIO (IMO No. 9235983).

3. Defendants Edgar Reyes and Reeko Valdez, D/B/A "Sea-Cure," are individuals which registered to do business under an assumed name in Fort Bend County, Texas. Defendant Edgar Reyes may be served with process as an individual Defendant and as co-owner of Sea-Cure at 3007 Dove County Dr. Stafford, Texas 77477, or wherever he may be found. Defendant Reeko Valdez may be served with process as an individual Defendant and as co-owner of Sea-Cure at 14030 Valley Grove, Houston, Texas 77066 or wherever he may be found.

4. Defendant Windar Renovables is a foreign business entity, and on information and belief has offices at Avda Conde De Guadalhorce, 57-59, 33401 Aviles-Asturias, Spain. Defendant Windar may be served with process pursuant to the Hague Convention on the Service Abroad of Judicial & Extrajudicial Documents in Civil or Commercial Matters.

5. Defendant Gamesa Wind US, LLC, is an entity organized under the laws of Delaware with a principal office at 1150 Northbrook Drive, Suite 150, Trevose, Pennsylvania 19053. Defendant Gamesa may be served by way of its registered agent in Texas, National Registered Agents, Inc., 1999 Bryan St., Suite 900, Dallas, Texas 75201.

6. Defendant Gamesa Eolica S.L. is a foreign business entity, and on information and belief has offices at Ciudad De La Innovacion 9-11, 31621 Sarriguren (Navarra), Spain. Defendant Gamesa Eolica S.L. may be served with process pursuant to the Hague Convention on the Service Abroad of Judicial & Extrajudicial Documents in Civil or Commercial Matters.

## FACTS

7. This maritime claim involves the ocean carriage of approximately 396 pieces of windmill parts from the Port of Bilbao, Spain to the Port of Corpus Christi, Texas onboard M/V ANTONIO.

8. The cargo of windmill parts were loaded onboard the M/V ANTONIO on May 10-18, 2014 at the Port of Bilbao, Spain.

9. On completion of cargo loading, various bills of lading were issued for the cargo as contracts of carriage between the Plaintiff as ocean carrier and the Defendant Windar as cargo shipper and Defendant Gamesa as cargo consignee.

10. The M/V ANTONIO arrived at the Port of Corpus Christi, Texas – Cargo Dock No. 9 on June 8, 2014 to discharge the cargo of windmill parts.

11. In furtherance of the cargo discharge, Plaintiff SE Shipping contracted with Defendants Edgar Reyes and Reeko Valdez, D/B/A Sea-Cure, to assist with the cargo discharge by grinding and cutting away metal stoppers which were welded to the deck to secure the windmill parts during the voyage.

12. At approximately, 1400 LT on June 10, 2014, a fire broke out onboard the M/V ANTONIO inside cargo holds where employees and/or representatives of Sea-Cure were conducting hot-work.

13. As a result of the fire, smoke and firefighting efforts, portions of the cargo of windmill parts and the M/V ANTONIO was damaged.

## NEGLIGENCE UNDER GENERAL MARITIME LAW

14. Defendants Edgar Reyes and Reeko Valdez, D/B/A Sea-Cure owed Plaintiff a legal duty under the general maritime law to exercise reasonable care while conducting hot-work

to avoid the risk of a fire. Defendants breached their duty by failing to maintain a proper fire watch, failing to use proper safety equipment to avoid the risk of fire, failing to take timely action in response to the fire, and failing to use all available means to avoid the risk of a fire onboard the vessel and other acts of negligence which will be shown more particularly at trial. These acts and omissions on the part Defendants Edgar Reyes and Reeko Valdez, D/B/A Sea-Cure caused the fire onboard the M/V ANTONIO and caused damage to the Plaintiff and other third parties.

### BREACH OF WARRANTY OF WORKMANLIKE PERFORMANCE

15. Defendants Edgar Reyes and Reeko Valdez, D/B/A Sea-Cure owed Plaintiff a warranty of workmanlike performance under the general maritime law to perform the work they were contracted to perform with reasonable care, skill and diligence. Defendants Edgar Reyes and Reeko Valdez, D/B/A Sea-Cure breached their warranty of workmanlike performance by causing a fire onboard the fire onboard the M/V ANTONIO which proximately caused damage and losses to the Plaintiff and other innocent third parties and third party beneficiaries to the contract between Plaintiff and Edgar Reyes and Reeko Valdez, D/B/A Sea-Cure.

### DAMAGES

16. As a direct and proximate result of Defendants' negligence, Plaintiff has sustained money damages of in excess of $1,000,000.00 representing economic loss, increased operational expenses, claims arising from the damage/destruction of cargo, firefighting, damage control, salvage costs, surveying costs, additional operating costs and other expenses which remain unpaid and continue to accrue as of the filing of this suit.

17. Defendants Windar and Gamesa allege damage to the cargo in excess of $500,000.00.

## COMPLAINT FOR DECLARATORY JUDGMENT

18. Plaintiff requests that this Honorable Court declare the rights, liabilities and other legal relationships under the bills of lading as contracts for the carriage of goods by sea, and determine the parties' rights arising under those contracts.

19. On information and belief, the cargo is and was owned by Defendants Windar and Gamesa who are parties to the ocean bill of lading as contracts of carriage. Defendants Windar and Gamesa may have an interest in the cargo at issue and would be affected by the Court's declaration of the parties rights under the contracts of carriage within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201(a). A copy of the bills of lading as contracts of carriage are attached to this Complaint as Exhibit A.

20. Pursuant to COGSA, 46 U.S.C. § 30701, *et. seq.*, certain exceptions to and limitations on liability and damages apply to this carriage. In the unlikely event that this Court awarded any damages for cargo loss against Plaintiff as a result of the fire onboard the M/V ANTONIO as described above, Plaintiff's legal liability as carrier under the contract of carriage represented by the bill of lading described above and COGSA is limited as a matter of law to a maximum of $500.00 for each windmill part which constitutes a "package" and/or "unit" within the meaning of COGSA. 46 U.S.C. § 30701. Further and in the alternative, Plaintiff is entitled and hereby reserves all defenses and limitations under COGSA and the general maritime law of the United States.

## PRAYER FOR RELIEF

21. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this honorable Court (1) enter judgment against Defendants Edgar Reyes and Reeko Valdez, D/B/A "Sea-Cure," for the amount of Plaintiff's claim including prejudgment interest, post-judgment interest,

court costs, and all other relief as justice and equity allow; and (2) enter a declaratory judgment that Plaintiff has no legal liability for the cargo damage made basis of this Complaint, and alternatively, to the extent that the Court finds liability for the cargo damage that Plaintiff's liability is limited to a maximum of $500.00 per COGSA package.

                              Respectfully submitted,

William A. Durham
State Bar No. 06281800
Fed. ID No. 4172
The Niels Esperson Building
808 Travis Street, Suite 1300
Houston, TX 77002
(713) 225-0905 – Telephone
(713) 225-2907 – Fax
durham@easthamlaw.com - Email

*Attorneys for Plaintiff SE Shipping Lines Pte. Ltd.*